**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES KNIGHT PUMPHREY,

    Plaintiff,

v.

DARLENE J. PEREKSTA, et al.,

    Defendants.

Civil Action No. 08-5679 (MLC)

**OPINION**

**APPEARANCES:**

    JAMES KNIGHT PUMPHREY, Plaintiff pro se, 272920B/620432
    C.R.A.F., P.O. Box 7450, West Trenton, New Jersey 08628

**COOPER**, District Judge

    Plaintiff, James Knight Pumphrey, who is currently confined, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Pumphrey's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and file the Complaint.

    The Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.    BACKGROUND

Pumphrey brings this civil rights action against the defendants: the Honorable Darlene J. Pereksta, J.S.C.; Edward A. Belmont, Esq., a public defender with the Mercer County Public Defenders Office; A. Garcia, Esq., Mercer County Prosecutor's Office; and Ingrid Vasquez, Probation Officer with the Mercer County Probation Office.  (Compl., Caption and ¶¶ 4(c), (d) and (e).)  These factual allegations are from the Complaint, and are accepted as being true for purposes of this screening only.

Pumphrey alleges that Pereksta violated his constitutional right against cruel and unusual punishment by not sentencing him to time served, given his purported jail credits.  He alleges that Pereksta ignored his plea on behalf of his family, namely, a blind grandmother who needs daily assistance.  Pumphrey further contends that Pereksta violated his right against double jeopardy by sentencing him, on September 26, 2008, on two probation violation charges that allegedly were to be dismissed as part of a plea agreement Pumphrey had made on September 12, 2008.  Pumphrey disputes the judgment of conviction in which Pereksta states that he was arrested on March 25, 2008 on a new criminal trespassing charge as opposed to a probation violation charge.  (Compl. ¶ 6.)

Pumphrey also alleges that his public defender, Belmont, provided ineffective assistance as his counsel by not preparing or meeting with him until the sentencing, ignoring his letters

and phone calls, and not filing a notice of appeal after he was sentenced on September 26, 2008.  (Id.)

Pumphrey also asserts that the prosecutor violated his right against double jeopardy by not recommending time served on the probation charges on September 26, 2008, as allegedly agreed in the plea bargain of September 12, 2008.  Pumphrey also alleges that Vasquez violated his constitutional rights because she did not attend his violation of probation hearing.  (Id.)

Pumphrey seeks damages exceeding $10 million.  He also asks that the defendants be disciplined for their actions that violated his constitutional rights.  (Compl. ¶ 7)

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

A district court must (1) review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity, and (2) identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court must construe a pro se complaint liberally in the plaintiff's favor.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The

3

Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff", but need not credit "bald assertions" or "legal conclusions". Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see Erickson, 127 S.Ct. at 2200 (reviewing whether pro se complaint complied with Rule 8(a)(2)).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley, 355 U.S. at 47).  But where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

## III.   SECTION 1983 ACTIONS

Pumphrey brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

**A.   Judicial Immunity**

Judges acting in a judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Thus:

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even

5

>when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Judicial immunity can be overcome only for actions not taken in a judicial capacity, or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Pumphrey fails to assert any allegations showing that Pereksta acted outside of her judicial capacity. Pumphrey's claim against Pereksta involves only court-related matters occurring during state criminal proceedings, i.e., his sentencing proceeding. Such claim is not actionable. There are no allegations to suggest that Pereksta acted beyond the scope of judicial authority, or in complete absence of all jurisdiction. Therefore, Pereksta is absolutely immune from liability, and the Complaint will be dismissed as against this defendant.

Pumphrey — to the extent that he challenges the sentence imposed — must first file a direct appeal in state court before proceeding in federal court. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

**B.   Public Defender Claim**

Pumphrey asserts that Belmont, who was his assigned counsel during his state criminal proceedings, provided ineffective

6

assistance of counsel by failing to (1) adequately represent him during the criminal proceedings, and (2) file a timely appeal from his conviction.

Pumphrey's claim against his assigned lawyer is not actionable at this time in a § 1983 action.  Belmont is not a state actor, and thus not subject to liability under § 1983.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender performing lawyer's traditional functions as defendant's counsel, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Even if Belmont was a privately retained lawyer, he would not be subject to liability under § 1983.  Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Even if Pumphrey had pleaded facts showing that Belmont was acting under color of state law, any claim concerning a violation of the right to effective assistance of counsel must first be raised in the ongoing state criminal proceeding.  A federal court generally will not intercede to consider issues that a plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

To the extent that Pumphrey's criminal trial is no longer pending, and he has been convicted and sentenced on the state charges, which appears to be the case here, any claim of ineffective assistance of counsel must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, i.e., a claim of ineffective assistance of counsel. Preiser v. Rodriquez, 411 U.S. 475 (1973).

Belmont was not acting under color of state law when representing Pumphrey. Any claim of ineffective assistance of counsel must be asserted in a federal habeas petition after Pumphrey has been convicted and exhausted his state court remedies. Thus, this claim asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**C.  Prosecutorial Immunity**

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court to either advocate in support of an application for a search warrant, or present evidence at such a hearing, is protected by

8

absolute immunity. Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

But a prosecutor is not entitled to absolute immunity for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to truth of facts contained in certification for arrest warrant, as in her provision of such testimony she functioned as complainant rather than state's prosecutorial advocate); Burns, 500 U.S. at 492-96 (provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor not acting as advocate, and not entitled to absolute immunity, when holding press conference or fabricating evidence); see also Yarris v. County of Del., 465 F.3d 129 (3d Cir. 2006) (analyzing when prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with prosecution; holding, for example, prosecutor not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but entitled to immunity for deciding to deliberately withhold exculpatory evidence before and during trial, but not after conclusion of adversarial proceedings).

Pumphrey alleges that Garcia did not recommend that he be sentenced to time served even though this was purportedly agreed to earlier.  Plea bargains and sentence recommendations fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution.  Therefore, this claim of prosecutorial misconduct is subject to dismissal for failure to state a claim.

But to the extent that Pumphrey can show that there was an agreement to reduce his sentence as alleged, such claim is more appropriately raised on direct appeal or in other state court review, and then by federal habeas petition.  See Preiser, supra.  Accordingly, the Court will dismiss this claim against Garcia.

**D.    Claim Against Probation Officer**

Pumphrey alleges that Vasquez did not appear at his hearing on the violation of probation charge.  Apparently, Pumphrey contends that Vasquez was aware of his family issues, i.e., the care of his blind grandmother, and could have testified about this for a reduction of any sentence to time served.

This Court finds no action or misconduct by the probation officer in this regard that would rise to the level of a constitutional violation.[1]  Consequently, Pumphrey has failed to

---

[1] There is no indication that Vasquez was compelled to testify at Pumphrey's sentencing proceeding.  Moreover, testimony about the care of Pumphrey's grandmother for the purpose of leniency in sentencing could have been presented by family members, and Pumphrey himself.

state a cognizable claim under § 1983 that he was deprived of a federal constitutional right, and this claim will be dismissed as against Vasquez.

### V. CONCLUSION

The claims against Pereksta and Garcia will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2), for failure to state a claim and seeking monetary relief from defendants immune from such relief.  Further, the claim against Vasquez will be dismissed for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The claim against Belmont will be dismissed without prejudice for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper   
**MARY L. COOPER**  
United States District Judge

Dated:  November 25, 2008